UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAITH L. PETERS,

        Plaintiff,

  v.

Case No. 19-cv-866-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

    The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

    To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

    Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff states that she is not employed, not married, and she has one 12-year-old son she is responsible for supporting. Dkt. No. 3 at 1. The plaintiff has no income other than $550 a month in SSI payments for her son, id. at 2, and she indicates that she lives with her father because "[she] has no where else to go. [She] would be homeless

1

otherwise," id. at 4. The plaintiff has monthly expenses of $600, id. at 2-3, and states that she is "basically living off [her] son's SSI payment. [She] has no money and [does] not even have enough money to pay [her] monthly bills," id. at 4. The plaintiff does not own a home; she owns two cars, one worth $200 that "does not run—[is] not safe to drive," and one worth $500; she has no cash on hand or in a checking or savings account; and she owns no other property of value. Id. at 3-4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was disabled during the time period included in this case, and that the Commissioner's decision denying benefits to the plaintiff

> found a moderate limitation in concentration persistence and pace, but did not include any limitations for her issue in the residual functional capacity assessment. Listing 12.05 was not properly considered. The decision does not contain a credibility assessment and relies on condemned language.

2

> The decision relies heavily on activities of daily living in the finding of not disabled.

Dkt. No. 1 at 4.

At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 12th day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**